<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAHADIN ABDULLAH MUHAMMAD,      :
a/k/a LEROY BLACK,               :   Civil Action No. 05-367 (JLL)
                                 :
            Petitioner,          :
                                 :
        v.                       :        **O P I N I O N**
                                 :
LYDELL B. SHERRER, et al.,       :
                                 :
            Respondents.         :
_____ :


**APPEARANCES:**

    SHAHADIN ABDULLAH MUHAMMAD, Petitioner <u>Pro</u> <u>Se</u>
    #73565   SBI# 97786A
    Northern State Prison
    P.O. Box 2300
    168 Frontage Road
    Newark, New Jersey  07114

**LINARES, District Judge**

    Petitioner Shahadin Abdullah Muhammad ("Muhammad"), also
known as Leroy Black, filed this <u>pro</u> <u>se</u> petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254.  On March 28, 2005,
the Court issued an Order to Show cause to the petitioner,
directing him to show cause in writing, on or before April 10,
2005, why the petition should not be dismissed as time-barred
pursuant to 28 U.S.C. § 2244(d).  Petitioner did not respond to
the Court's Order.  Therefore, it appearing from the face of the

petition that the case is time-barred under 28 U.S.C. § 2244(d), the petition will be dismissed.[1]

## I.  BACKGROUND

Muhammad is presently confined at the Northern State Prison in Newark, New Jersey, serving a 30-year prison term with a 15 year minimum/maximum for two counts of first degree robbery and one count of possession of a weapon for an unlawful purpose.  He was convicted by jury trial and a judgment of conviction was entered on April 13, 1983.  (Petition, ¶¶ 2-6).

_____

[1]  Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer.  See, e.g., United States v. Bendolph, __ F.3d __, 2005 WL 1134860 (3d Cir., May 16, 2005)(inmate not unduly prejudiced by district court's sua sponte raising of limitations issue because inmate was given an opportunity to respond); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 122-24 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999); Guthrie v. State of Michigan, 194 F.3d 1312, 1999 WL 801502 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Actions. Cf. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002) (distinguishing court's ability to raise the statute-of-limitations issue sua sponte as an initial screening matter under Rule 4 from a court's inability, after the fact, to "cure" a respondent's waiver of the defense in its response to the petition); Nardi v. Stewart, 354 F.3d 1134 (9th Cir. 2004).  But cf. Stewart v. Hendricks, 71 Fed.Appx. 904 (3d Cir. 2003) (unpublished) (holding that a district court may not sua sponte dismiss on statute of limitations grounds after respondent has waived the defense by failing to assert it in the answer, but not addressing court's ability to raise the issue sua sponte prior to ordering an answer).

Following his conviction, on or about May 19, 1983, Muhammad filed an appeal with the New Jersey Appellate Division.  The Appellate Division affirmed the conviction on January 12, 1987. Muhammad filed a petition for certification with the Supreme Court of New Jersey, which was denied.  Muhammad does not provide the date on which the petition for certification was denied. (Pet., ¶¶ 8,9; Muhammad's Certification at ¶¶ 8, 9).  Thereafter, on or about April 16, 2001,  Muhammad alleges that he filed a petition for post-conviction relief ("PCR") with the sentencing court, raising claims of an illegal sentence and merger.  The state PCR petition was denied on or about July 7, 2003, and Muhammad states that he did not file an appeal from that decision.  (Pet., ¶¶ 10, 11; Certif. At ¶¶ 11, 12).

Muhammad's petition for federal habeas relief under 28 U.S.C. § 2254 was received for filing by the Clerk's Office on or about January 20, 2005.  The petition is signed and dated by Muhammad on January 18, 2005.[2]

---

[2]  Muhammad "filed" the instant petition when he handed it to prison officials to be mailed to the Court for filing.  <u>See Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because the Court does not know the exact date on which petitioner handed his § 2254 petition to prison officials for mailing, it will use the date he signed his application for relief, January 18, 2005.  The Clerk's Office did not receive the petition until January 20, 2005.

II.  <u>CLAIMS PRESENTED</u>

Muhammad raises two grounds for habeas relief:

Ground One:  The sentences for robbery and possession of a weapon for an unlawful purpose should have been merged because there was no evidence that defendant possessed the weapon for any other purpose than the substantive offense.

Ground Two:  The possession charge should have merged with the robbery offense unless the jury found in a special verdict that the possession was for a broader purpose.  In the absence of such proof, the sentences on each charge should have run concurrently.


III.  <u>STANDARD OF REVIEW</u>

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

IV.  <u>STATUTE OF LIMITATIONS ANALYSIS</u>

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from ...
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998); <u>Duarte v. Herschberger</u>, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See <u>Burns</u>, 134 F.3d at 111; <u>see also</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the

pertinent judgment became "final," and, second, the period of
time during which an application for state post-conviction relief
was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the
meaning of § 2244(d)(1) by the conclusion of direct review or by
the expiration of time for seeking such review, including the 90-
day period for filing a petition for writ of certiorari in the
United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417,
419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d
Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to
April 24, 1996, the effective date of § 2244(d), a state prisoner
has a one-year grace period after that effective date to file a
§ 2254 petition.  Burns, 134 F.3d at 111.  However, that
limitations period is tolled during the time a properly filed
application for state post-conviction relief is pending.  28
U.S.C. § 2244(d)(2).  An application for state post-conviction
relief is considered "pending" within the meaning of
§ 2244(d)(2), and the limitations period is statutorily tolled,
from the time it is "properly filed,"[3] during the period between

---

[3] An application is "properly filed" when its delivery and
acceptance are in compliance with the applicable laws and rules
governing filings. These usually prescribe, for example, the form
of the document, the time limits upon its delivery, the court and
office in which it must be lodged, and the requisite filing fee.
In some jurisdictions the filing requirements also include, for
example, preconditions imposed on particular abusive filers, or

a lower state court's decision and the filing of a notice of
appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002),
and through the time in which an appeal could be filed, even if
the appeal is never filed, Swartz, 204 F.3d at 420-24.
Nevertheless, "the time during which a state prisoner may file a
petition for writ of certiorari in the United States Supreme
Court from the denial of his state post-conviction petition does
not toll the one year statute of limitations under 28 U.S.C.
§ 2244(d)(2)."   Stokes v. Dist. Attorney of the County of
Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S.
959 (2001).

The limitations period of § 2244(d) is also subject to
equitable tolling.   Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.),
cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d
153, 159 (3d Cir. 1999); Miller v. New Jersey State Dep't of
Corr., 145 F.3d 616, 618 (3d Cir. 1998).[4]  However, the one-

_____

on all filers generally. But in common usage, the question
whether an application has been "properly filed" is quite
separate from the question whether the claims contained in the
application are meritorious and free of procedural bar.  Artuz v.
Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations
omitted).

[4]  Equitable tolling applies:

only when the principles of equity would make the rigid
application of a limitation period unfair.  Generally,
this will occur when the petitioner has in some
extraordinary way been prevented from asserting his or
her rights.  The petitioner must show that he or she
exercised reasonable diligence in investigating and

7

year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 123 S.Ct. 1950 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but

---

bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

unexhausted federal habeas petition.  <u>Jones</u>, 195 F.3d at 159.

<u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J.,
joined by Souter, J., concurring in part) ("neither the Court's
narrow holding [that the limitations period is not statutorily
tolled during the pendency of a premature federal habeas
petition], nor anything in the text or legislative history of
AEDPA, precludes a federal court from deeming the limitations
period tolled for such a petition as a matter of equity"); 533
U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.)
(characterizing Justice Stevens's suggestion as "sound").

Here, Muhammad was convicted in 1983 and it is clear that
the state court conviction now under attack became final before
the enactment of AEDPA on April 24, 1996.  Therefore, Muhammad
had until April 23, 1997 to bring his federal habeas petition
under § 2254.  Further, the Court finds that there was no
statutory tolling of the limitations period under § 2244(d)(2)
before April 23, 1997.  Muhammad did not file his state PCR
petition until April 16, 2001, almost four years after the
statutory period had run pursuant to 28 U.S.C. § 2244(d)(1),
without any tolling as permitted under § 2244(d)(2).  Muhammad
filed the instant petition on or about January 18, 2005, almost
eight years after the statutory period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition
must be filed within one year of the latest of four events, the

one relevant here being "(A) the date on which the judgment
became final by the conclusion of direct review or the expiration
of the time for seeking such review."  See Johnson, 314 F.3d at
161.  In Johnson, the Third Circuit, under similar circumstances,
affirmed the district court's dismissal of Johnson's § 2254
petition as time-barred.  The court found that the statutory
period ran for 222 days until Johnson had filed his petition for
post-conviction relief in state court.  At that point, the
statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2),
until the New Jersey Supreme Court denied Johnson's petition for
certification, and Johnson then had the remaining 143 days in
which to timely file his federal habeas petition.  Johnson, 314
F.3d at 161.  The Third Circuit noted that § 2244(d)(2)'s tolling
provision excludes the time during which a properly-filed state
PCR petition is pending, but it does not reset the date from
which the one-year limitations period begins to run.  Id. at 162
(citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert.
denied, 531 U.S. 840 (2000)).

Therefore, this Court finds that Muhammad's federal habeas
petition is statutorily time-barred.[5]  Moreover, not having

---

[5]  Even if the Court were to assume arguendo that the
statutory period was tolled pending disposition of Muhammad's
state PCR petition, pursuant to 28 U.S.C. § 2244(d)(2), the
federal habeas petition would still be time-barred.  Muhammad's
state PCR petition remained pending until July 7, 2003.  He
admits that he did not seek appellate review of the denial of his
state PCR petition.  Thus, if the limitations period was tolled,

responded to this Court's Order to Show Cause, as directed,
Muhammad can show no excuse, extraordinary or otherwise, for
equitable tolling.  At best, it appears that Muhammad
miscalculated the statutory period.  Miscalculation of the
statutory period does not constitute extraordinary circumstances
to permit equitable tolling.  <u>Fahy</u>, 240 F.3d at 244.  And
ignorance of the law, even for an incarcerated <u>pro se</u> petitioner,
generally does not excuse prompt filing.  <u>Fisher v. Johnson</u>, 174
F.3d 710, 714 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 531 U.S. 1164
(2001).  Courts have been loath to excuse late filings simply
because a <u>pro se</u> prisoner misreads the law.  <u>Delaney v. Matesanz</u>,
264 F.3d 7, 15 (1st Cir. 2001); <u>see also Jones v. Morton</u>, 195
F.3d at 159-60.  Thus, Muhammad does not demonstrate any
extraordinary circumstances that would permit the equitable
tolling of the one-year statute of limitations.

Accordingly, because Muhammad failed to file a timely
petition and demonstrates no extraordinary circumstances that
would allow equitable tolling, the Court is precluded from
reviewing the instant petition for habeas corpus relief under §

---

it would have started to run again on or about August 21, 2003
(45 days after denial or the time within which to file an
appeal).  Muhammad's federal habeas petition was not filed until
January 18, 2005, five months after the one-year statutory period
would have expired if the limitations period had been tolled
under § 2244(d)(2), which it was not.

11

2254.  Since the § 2254 petition is time-barred under §
2244(d)(1), it will be dismissed.


IV.  <u>CERTIFICATE OF APPEALABILITY</u>

The Court next must determine whether a certificate of
appealability should issue.  <u>See</u> Third Circuit Local Appellate
Rule 22.2.  The Court may issue a certificate of appealability
only if the petitioner "has made a substantial showing of the
denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds
without reaching the underlying constitutional claim, the
prisoner must demonstrate that jurists of reason would find it
debatable:  (1) whether the petition states a valid claim of the
denial of a constitutional right; and (2) whether the court was
correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S.
473, 484 (2000).  "Where a plain procedural bar is present and
the district court is correct to invoke it to dispose of the
case, a reasonable jurist could not conclude either that the
district court erred in dismissing the petition or that the
petitioner should be allowed to proceed further."  <u>Id</u>.

For the reasons discussed above, Muhammad's § 2254 habeas
petition is clearly time-barred.  The Court also is persuaded
that reasonable jurists would not debate the correctness of this

12

conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a federal constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

/s/ JOSE L. LINARES
United States District Judge

DATED: June 13, 2005